FRANK CHILTON, Plaintiff in Error, v. WILLIAM LINDSAY *et al.*, Defendants in Error.

Kansas City Court of Appeals, December 2, 1889.

1.   Mechanics' Lien : AMOUNT OF SUB-CONTRACTOR'S ENFORCEMENT OF.  The right of a sub-contractor to enforce a mechanics' lien is not limited by the amount fixed by the contract between the owner and the original contractor, following *Henry & Coatsworth Co. v. Evans*, 97 Mo. 47.

2. ———: PAYMENT WITH CONSENT OF SUB-CONTRACTOR. If a sub-contractor stands by and consents to the owner's payment to the original contractor of all that was owing by him, such sub-contractor cannot afterward complain and subject the owner's property to a lien.

*Appeal from the Cass Circuit Court.*—HON. N. M. GIVEN, Judge.

REVERSED AND REMANDED.

Statement of case by the court.

This is an action to recover $224.63, and to enforce a mechanics' lien against the property of defendant Lindsay, on account of lumber furnished by plaintiff, which went into defendant Lindsay's house.

It appears that Wm. Higgins, a contractor and builder, entered into a written contract with his co-defendant Lindsay, by the terms of which Higgins was to build a house for Lindsay, for which he was to receive for the carpenter work the sum of six hundred and twenty-five dollars. The plaintiff and one E. C. Deacon were securities on a bond which Higgins gave Lindsay. The penalty of said bond was six hundred and twenty-five dollars, and the conditions of the bond simply required Higgins to build the house according to the plans and specifications. There is no controversy in regard to the house being built according to plans and specifications. It is admitted that Wm. Higgins was original contractor with Wm. Lindsay, for the erection of a building as stated in the petition; that Lindsay (defendant) is the owner of the land on which the house contracted for is situate, and that same is correctly described in petition and mechanics' lien filed; that notice was given by plaintiff to Lindsay, before filing his mechanics' lien; that lien was filed at time mentioned in petition; that the account sued upon is a correct account of lumber furnished by plaintiff for,

and was used, in the building erected by defendant Higgins for defendant Lindsay, as set forth in petition and lien.

It will thus be seen that there is no controversy about plaintiff having furnished Higgins lumber to the amount sued for, and that said material went into Lindsay's house. But the defenses mainly relied upon were, that defendant Lindsay had paid in good faith, and before notice of plaintiff's claim, the full contract price for said house, and that said payments had all been on account of labor and material gone into the building, and that said contractor Higgins had received nothing for his own labor, etc.; and a further defense was interposed that Higgins had been thus paid in full by and with the consent of plaintiff Chilton.

At the trial the court gave several instructions to the jury, among which were the following, given at the instance of defendant Lindsay:

"3. If the jury shall believe, from the evidence, that the defendant Lindsay had paid to said Higgins the full amount due him as original contractor, as aforesaid, and at the date aforesaid, and before the serving of the notice and filing of claim aforesaid, and without knowledge of the existence thereof, as aforesaid, and that Higgins did pay out, apply and appropriate the whole of the contract price so paid to him as original contractor, to the payment for work, labor and material furnished and used in the erection of the building contracted for with defendant Lindsay, and did not keep any part thereof for his own labor, under said contract, then the plaintiff is not entitled to enforce his alleged claim against the property of the defendant Lindsay, even though the larger part of such work, labor and materials was paid in full, and in the case of the plaintiff the whole of his alleged claim was, and is, not paid, and part of his alleged claim remains unpaid."

"4. The court further instructs the jury that, if you believe, and find, from the evidence, that the defendant Lindsay, on or about the eleventh day of July, 1885, had a settlement with defendant Higgins, the original contractor, for building said house, and paid said Higgins the full amount then due on said contract, and that after said settlement, and before such payment, the plaintiff was advised or informed by said defendant Lindsay, of such settlement, and of his, the said Lindsay's readiness, to pay said Higgins such amount, and the said plaintiff made no objection thereto, but assented to such payment to said Higgins, then the jury should find the issues for the defendant Lindsay."

The jury found for plaintiff as against defendant Higgins in the full amount claimed, but, on the issue as to a mechanics' lien, the verdict was against the plaintiff, and for defendant Lindsay. Plaintiff brings the case here by writ of error.

*Railey & J. Burney*, for the plaintiff in error.

(1) Plaintiff, therefore, on the undisputed facts was entitled to recover against both defendants the amount of his bill unpaid, and to have a lien declared for the amount due. *Henry & Coatsworth Co. v. Evans*, 10 S. W. Rep. 868 ; s. c., 97 Mo. 47. (2) Instruction number 1, given by the court of its own motion, does not properly declare the law, and is in conflict with the decision of the supreme court in *Henry & Coatsworth Co. v. Evans, supra.* (3) The fourth instruction, given at the instance of defendant, is predicated upon the idea that if Chilton knew that Higgins and Lindsay were settling, and made no objection thereto, but assented to such payment to said Higgins, then the jury should find the issues for the defendant Lindsay. There is no evidence in the record to support that portion of the instruction.

*J. S. Wooldridge* and *H. Clay Daniel*, for the defendant in error.

(1) The sub-contractor is in law presumed to have notice of the terms of the contract between the owner and the contractor. *Garnett v. Berry*, 3 Mo. App. 205; *Scott v. Cook*, 8 Mo. App. 193; *Henry v. Rice*, 18 Mo. App. 510. (2) The material man or sub-contractor, deriving all his claims from the original contract, must look to its terms for the extent and limits of his capacity to fasten a lien upon the owner's property. Authorities last cited. (3) Not only did the plaintiff know of the terms of the contract between the con-tractor—Higgins—and this defendant, but he insisted that its terms as originally made be so changed or amended as that "the first payment should be appropri-ated to pay hands or laborers and for materials in building, and the last payment to the contractor." The money having been paid by defendant, as the plaintiff's amendment to the contract required it to be paid, ought he to be now heard to complain that it was not paid to him? *Fiat justitia, ruat coelum!* R. S., sec. 3776; *Orth v. Derschlien*, 32 Mo. 366; *Hunter v. Miller*, 36 Mo. 143.

GILL, J.—I. We must reverse this cause for the error of the trial court in declaring the law to be as set out in defendant's instruction number 3, contained in the foregoing statement. That instruction was evidently given to the jury on the faith of the correctness of the rule, then, for the first time, announced in this state, to-wit: "That if the defendant paid the contractor in full the contract price, in good faith, without knowl-edge of the plaintiff's demand, and that the money so paid went to the satisfaction of claims for work done and materials furnished on the building, it is, in legal effect, the same as if the defendant had paid the con-tract money directly for the work and materials to the

·subordinates, and that his property cannot be subjected to the plaintiff's demand for the excess." *Henry v. Rice*, 18 Mo. App. 497. That is, that, under the circumstances in the instruction mentioned, the liability of the land-owner for improvements, constructed thereon, should be limited by the price agreed upon between such owner and the building contractor. At the time of trial of this cause in the court below, the rule announced in 18 Mo. App., *supra*, was the only decision on the question by any court of last resort in the state. Since then, however, the supreme court of Missouri has taken a different view, and unqualifiedly disapproved *Henry v. Rice*. See *Henry & Coatsworth Co. v. Evans*, 97 Mo. 47. By this decision the supreme court has said that the right of a sub-contractor to enforce a mechanic's lien is not limited by the amount fixed by the contract between the owner and original contractor, and this is now the law of this state, and to which the decisions of this tribunal must conform.

II.     Counsel for plaintiff in error insists that we enter judgment, or direct the lower court to enter judgment, for the enforcement of the lien against defendant Lindsay's property. We cannot do this with our understanding of this record. Defendant's instruction number 4, quoted in the foregoing statement of the case, is based on some evidence at least, and the instruction, we think, embodies a correct principle of law. If plaintiff stood by and consented to the payment to Higgins of all that was owing by defendant, then plaintiff cannot now complain.

The judgment must be reversed, and cause remanded for a new trial. ·All concur