EQUITABLE MORTGAGE COMPANY *v.* BUTLER.

1. The presumption of the delivery of a deed which arises from the fact that it has been recorded is not conclusive, and between the parties to the instrument may be rebutted, yet when it appears that such deed was duly recorded at the instance of the grantor, and then delivered to a third person as an escrow, the grantor may, as to third persons who purchase for value on the face of the record, and without knowledge or notice of non-delivery to the grantee, be estopped from denying delivery.
2. The case having been made to turn on the question of delivery or non-delivery of the deed under which the claimant's grantors asserted title, without reference to the law of estoppel as indicated, a new trial must be granted.

Submitted June 21, — Decided October 17, 1898.

Levy and claim. Before Judge Harris. Troup superior court. September 8, 1897.

*Payne & Tye* and *C. E. Hawker,* for plaintiff in error.
*Longley & Longley,* contra.

LITTLE, J.   In May, 1895, H. C. Butler recovered a judgment for twenty-five hundred and ninety-dollars and forty-seven cents, against E. T. Winn, as administrator of the estate of Willis Miller, deceased.   On the 1st day of June, 1895, a fi. fa. issued, and was by the sheriff levied on certain lands as the property of Willis Miller, which included two hundred and two and a half acres " whereon Henry Miller now lives, and known as the old Dred Davis place," and which was further described in the levy by metes and bounds.   To this levy the Equitable Mortgage Company filed a claim, in which it averred that the two hundred and two and one half acres known as the Dred Davis place, embraced in said levy, was not the property of the deceased, but was the property of the claimant.   On the trial of the issue made, the claimant introduced in evidence three deeds, the material portions of which are as follows:   (1) Deed from Joel E. Davis to Willis Miller, dated August 26, 1850, recorded September 3, 1850; the same conveying the land in dispute, and containing a general warranty of title.   (2) Warranty-deed to the same land from Willis Miller to Henry W. Miller and Mary J. Miller, dated January 6, 1886, and recorded January 30, 1886.   (3) Deed from Henry W. Miller and Mary J. Miller to the Equitable Mortgage Company (the claimant), dated July 17, 1889, and recorded July 24, 1889; made under the provisions of the Code of 1882, and conveying title to secure a debt of four hundred and eighty-three dollars and fifty cents.   H. C. Butler testified that he was the plaintiff in fi. fa.; that he wrote the deed from Willis Miller to Henry W. Miller and Mary J. Miller, at the request of Willis Miller, who was present in the clerk's office at the time the deed was recorded, and that it was recorded by direction of Willis Miller.   The witness further testified:   "This deed has been in my possession ever since it was recorded, and never was in possession of Henry Miller or Mary J. Miller.   Willis Miller

owed me money at the time this deed was made, and we met to
have a settlement. The settlement was never made. The deed
was never delivered to Henry W. Miller or Mary J. Miller. It
was executed in the clerk's office. Willis Miller and Henry
Miller were present. Willis Miller owed me several thousand
dollars at the time. After executing the deed he handed it to
me, to be held pending a settlement between me and Willis Mil-
ler. It was suggested that the deed ought to be recorded to keep
it from getting lost, and it was recorded and handed back to me
by the clerk. Willis Miller instructed me to hold the deed and
never deliver it to Henry or Mary J. Miller until a settlement
was made, which settlement has never been made. The deed
was a deed of gift by Willis Miller, and was executed in view of
a settlement which he was to make with me, . . but the settle-
ment failed and Willis Miller instructed me to hold the deed and
never deliver it until such settlement was had. Willis Miller
was then in possession of said land, and had been for years, and
he died in possession, and this deed has never been out of my
own possession." The jury rendered a verdict finding the
property subject. The claimant's motion for a new trial was
overruled, and it excepted. The motion was upon the grounds
that the verdict was contrary to law and the evidence, and in
addition, that the court erred as follows:

(1) In charging: "If you believe from the evidence that
the deed executed by Willis Miller to Mary J. Miller and Henry
W. Miller was never delivered, then I charge you that the land
is subject, because in that event the title never passed out of
Willis Miller, the law being that to make a valid deed delivery
is essential." It is alleged that this was error because: (a)
The charge fell short in not submitting to the jury the question
of notice that the deed was not delivered at the time the movant
acquired its deed from Henry W. and Mary J. Miller. If it
was recorded, and the movant was an innocent purchaser and
without notice of its not having been delivered, the movant had
the legal right to assume it was duly delivered, and the parties
would be estopped from saying it was not delivered. (b) The
court should have charged, in addition to what it did charge,
that unless the Equitable Mortgage Company had notice of the

non-delivery of the deed, it would not be affected by the fact that the deed was not actually delivered, provided some authorized person had the deed recorded, as was done prior to the making of the deed of Henry W. and Mary J. Miller to the company. (*c*) The court should have gone further and charged that if the plaintiff, who had the deed from Willis Miller recorded, put it in the power of Henry W. and Mary J. Miller to have it recorded, and it was in fact recorded, and movant advanced its money on the faith of the deed's having been delivered because recorded, and having no notice that the deed was not actually delivered, plaintiff would be estopped from claiming, as against the movant, that the deed was not delivered, as he, and not the movant, should suffer.

(2) In admitting in evidence, over objection of movant, the following testimony of Butler: "The deed was never delivered to Henry W. Miller." It was alleged that this was error, because: (*a*) The question of non-delivery of the deed could be raised only by the grantor, Willis Miller. (*b*) The evidence was inadmissible unless it was shown that the movant had notice of the non-delivery of the deed.

(3) In allowing Butler to testify, over the objection of movant: "The deed has been in my possession ever since it was recorded." It is alleged that this was irrelevant, and did not illustrate any issue before the court for determination.

(4) In allowing Butler, over objection of movant, to testify that Willis Miller owed him (witness) money at the time the deed was made, and they were to have a settlement, and that the settlement was never made. It was alleged that this was error because it was not shown that the movant had notice of any private transaction between these parties, and should not be bound by alleged equities existing between Willis Miller and the plaintiff.

(5) In permitting Butler, over objection of movant, to testify in regard to the non-delivery of the deed from Willis Miller to Henry W. and Mary J. Miller, and in regard to the debts due by Miller to Butler; because it was not attempted to be shown that movant had notice of the non-delivery of the deed.

As will be seen, the rights of the respective parties in the trial below were made to turn exclusively upon the question as to

whether there had, in fact and in law, been a delivery of the deed from Willis Miller to Henry W. and Mary J. Miller. The trial judge instructed the jury that if the deed had not been delivered, then the title did not pass out of Willis Miller, and they should accordingly find the land subject to the execution. We agree with the contention of counsel for claimant, that the issues raised in the case involved the application of another principle of law, not included in the question of the actual delivery of the deed. It can not be questioned in the light of the evidence, that the deed from Willis Miller to Henry W. and Mary J. Miller was an escrow, and that, treating the deed as a muniment of title, the grantees could take nothing by the deed. Civil Code, §3603. It is freely conceded, too, that, as between those parties, the registry of the deed was only presumptive evidence of its delivery, and such presumption might be rebutted and the grantor allowed to show by competent evidence that, notwithstanding such registry, the deed was never in fact delivered, and consequently passed no title. *Wellborn* v. *Weaver,* 17 *Ga.* 275; *Harvill* v. *Lowe,* 47 *Ga.* 214; *Ross* v. *Campbell,* 73 *Ga.* 309; *Gordon* v. *Trimmier,* 91 *Ga.* 472. It is equally true, however, that where a grantor executes a deed in escrow, but at the same time, for any reason, directs that it be spread upon the records, and it is duly recorded and is absolute and unconditional on its face, and nothing appears on the records to indicate that the grantee holds other than an unconditional fee-simple title, and no facts appear sufficient to put a prudent person upon inquiry as to the real truth of the transaction as between the grantor and the grantee, such grantor will ordinarily, as against an innocent purchaser who, upon the faith of such record and for value, takes a subsequent conveyance from the person named in the deed as grantee, be estopped to set up the non-delivery of the deed to his grantee, and thus defeat the conveyance taken by such innocent purchaser from such grantee. As is said in Wade on Notice, §96, the registry acts are intended to furnish the best and most easily accessible evidence of the titles to real estate, to the end that those desiring to purchase may be fully informed of instruments of prior date affecting the subject of their contemplated purchases; and also

that, having availed themselves of this means of knowledge, they may rest there and purchase in absolute security, provided they do so without knowledge, information or such suggestions from other facts as would be gross negligence to ignore, of some antecedent conveyance or equitable claim. If the owner or a person having an interest in property represents another as the owner, or permits him to appear as such, or as having complete authority over it, he will be estopped to deny such ownership or authority, against persons who, relying on his representations or silence, have purchased or acquired an interest in the property; and generally where a person by word or conduct voluntarily induces another to act on a belief in the existence of a certain state of facts, he will be estopped, as against him, to allege a different state of facts. 7 Am. & Eng. Enc. L. 18 et seq. In the case of Greer *v.* Mitchell, 26 S. E. Rep. 302, it is said: "A party who, by his acts, declarations or admissions, or by failure to act or speak under circumstances where he should do so, either designedly or with wilful disregard of the interests of others, induces or misleads another to conduct or dealings which he would not have entered upon but for this misleading influence, will not be allowed afterwards to come in and assert his right, to the detriment of the person so misled. That would be a fraud." And applying this principle, it was held in that case, that where the owner of a tract of land conveys the same to his brother by a deed absolute on its face, and allows the said deed to remain for years on the record of the county in which the land lies, thus giving notice to the world of the title thereto in said brother, and third parties extend credit to that brother and allow him to become indebted to them, and obtain judgments against the brother, for the debts thus created, and docket the same in the county where the land is situated, such creditors thereby acquire a valid lien on the land, and the party who conveyed said land to his brother and allowed the deed to so remain recorded is estopped from claiming title to the land as against said creditors. In the case of Lawrence *v.* Guaranty Investment Co., 32 Pac. Rep. 816, where ignorant and illiterate owners conveyed by absolute deed certain property, supposing, however, that they were executing a mortgage merely, and such

grantee placed the deed upon record, and procured from the Investment Company, which was ignorant of the facts, a loan thereon, it was held that where such owner negligently allowed the legal title to go to another, and clothed him with apparent power to convey and encumber the same, and such person mortgaged the property as security for a loan to one who took the mortgage in good faith and without notice of the fraud, the mortgage would be held valid and in force, as against the original grantor.

The principle was applied by this court in the case of *Taylor* v. *Street*, 82 *Ga.* 723, where it was ruled: "It appearing that the plaintiffs' intestate, under whom they claim, sold the land in dispute to his father, made him a deed thereto and had it recorded, and lived several years afterwards, and after his death his father went into possession and exercised acts of ownership for years and then sold to the defendant, who purchased without notice of any claim of plaintiffs and in good faith, the plaintiffs are, as their intestate would be, estopped from setting up title. Whether the deed was ever actually delivered or not, the placing of it upon record by the intestate gave notice to the world that the title passed out of him into his father." It must be clear, therefore, that the claimant, having shown that the deed to its immediate grantors was put on record at the instance of the original grantor, and that the conveyance so recorded apparently clothed such intermediate grantors with the unqualified legal title to the property, and the right to convey the same, in the absence of evidence that the claimant had actual notice of the non-delivery of the deed, or notice of any fact sufficient to put it upon inquiry, a case was made in its favor which, prima facie at least, estopped the original grantor from setting up the non-delivery of the deed and thereby defeating the conveyance to the claimant. If such original grantor was estopped, it must follow that a creditor whose judgment was obtained subsequent to the conveyance to the claimant would likewise be estopped; as the priority of his lien, under such circumstances, must depend on the title of the grantor. Besides, before the creation of his lien, this creditor to whom the deed was delivered consented to and participated in the act of having the deed placed upon the

36

records, and it would seem that the same law of estoppel which would prevent the grantor from attacking the validity of the deed for want of delivery, ought to similarly affect him.

There is evidence in the record that although the original grantor had the deed put upon record, he was in possession of the property at the time he executed the deed, and died in possession of the same. The original deed was made in 1886, and the deed from the grantees in that instrument to the claimant was not made until 1889. The record does not show when Willis Miller died, nor does it show who was in possession of the property at the time Henry W. and Mary J. Miller conveyed to the claimant. The record does show that at the time the execution was levied in 1895, Henry W. Miller was residing on the land. It is generally incumbent on the person invoking an estoppel to show that he was ignorant of the facts concerning which he invokes the estoppel, and if it appear that he either knew or ought to have known such facts, no estoppel will arise. Section 3931 of the Civil Code provides that "Possession of land is notice of whatever right or title the occupant has." Whether a grantor who executes a deed and has the same recorded, but remains in possession of the property and is in actual possession of the same at the time his grantee conveys to another, can, in view of this provision of the code, be held estopped, as against such subsequent purchaser, to deny delivery of the deed to his grantee, and prove its non-delivery, so as to show that title has never passed out of him, is a question which the present record does not render it necessary to decide.

2. The principle of the law of estoppel not having been considered by the court in the charge to the jury, but, as has been said, the case having been made to turn on the question of delivery or non-delivery of the deed to claimant's grantors, there must be a new trial, in view of what has been above ruled.

We find no error in the rulings of the court on the admissibility of evidence as set out in the remaining grounds of the motion for a new trial. The defendant in error insisted that the title to the land was in Willis Miller, his debtor, and that title did not pass out of him by his deed to H. W. and Mary J. Miller, because the deed had not been delivered. He was entitled

to show these facts; and if true, as a general proposition, the instrument would not have the effect of passing title. Such facts having been shown, if the claimant had notice, this would still be the effect; hence it was competent to show the facts which would, under some circumstances, render the title of claimant invalid. But whether its title was valid or invalid, the fact of non-delivery being shown, depended on other facts as above indicated.

*Judgment reversed. All the Justices concurring.*