## HORNE v. PEACOCK.

1. Where a petition charges facts peculiarly within the knowledge of the defendant, and the answer is evasive, the averments of the petition will be taken as true.
2. If a plaintiff testify in his own behalf, and there are material conflicts and contradictions in his testimony, he is not entitled to recover, unless that portion of his testimony which is least favorable to his contention is of such a character as to authorize a recovery in his behalf.
3. Applying the rule stated in the note immediately preceding, the evidence was not of such a character as to authorize a finding in favor of the plaintiff for the full amount claimed.

Argued December 17, 1904. — Decided January 30, 1905.

Complaint.    Before Judge Roberts.    Dodge superior court. June 21, 1904.

*J. P. Highsmith*, for plaintiff in error.    *W. M. Clements*, contra.

COBB, J.    The plaintiff bought guano and had it shipped to the defendant, upon an agreement that the guano was to be sold to planters, notes taken payable in the fall, the notes to be collected, the purchase-price of the guano to be paid, and the surplus to be divided equally between the plaintiff and the defendant. The defendant in his answer admitted the contract as claimed by the plaintiff; but averred that he did not know how much guano had been received by him, and asked that the plaintiff be held to strict proof as to the quantity shipped. He further alleged that he had remitted a sufficient amount to pay the purchase-price of all the guano for which collections had been made, but that there were two notes uncollected, for which he denied he was liable to

plaintiff until collection was made. The claim of the plaintiff was for the balance due on the purchase-price of the entire shipment and his proportion of the profits on the sales. The jury returned a verdict in favor of the plaintiff, and the defendant excepts to the overruling of his motion for a new trial.

The burden was upon the plaintiff to show the contract alleged, the guano shipped, the collection of the notes taken for the same by the defendant, and the failure to remit. The answer admitted the contract. As to the quantity of guano shipped the answer was evasive. The defendant knew, or should have known, how much guano he had received. As it was shipped directly from the manufacturer to him and did not pass at all into the possession of the plaintiff, the quantity shipped and received was more peculiarly within the knowledge of the defendant than it could have been within the knowledge of the plaintiff. In such a case the defendant will not be permitted to impose upon the plaintiff the burden of proving the quantity shipped, by an answer evasive in its terms; and therefore the allegation in the petition as to the quantity shipped will be taken as true. Civil Code, §5054; *Lester* v. *McIntosh*, 101 *Ga.* 675 (3); *English* v. *Grant*, 102 *Ga.* 35 (4). The only issue, therefore, was whether the defendant had collected and failed to·remit the amount sued for, or any part thereof. The plaintiff admitted that some of the notes had not been collected, and the amount of these uncollected notes is stated by the defendant in his testimony. Under this state of facts the plaintiff was clearly not entitled to recover the full amount sued for, which was due only in the event that all the notes taken for the guano had been collected by him. There was evidence authorizing a finding in favor of the plaintiff for some amount. It is difficult to determine, on account of the confused character of the evidence, exactly what this amount was; but the evidence did not authorize a finding for the full amount sued for. The evidence for the plaintiff is confused and unsatisfactory, and must be taken most strongly against him. *Atlanta Ry. Co.* v. *Owens*, 119 *Ga.* 835. Taking into consideration the positive testimony of the defendant, that at least two of the notes were uncollected, and the contradictory character of the testimony of the plaintiff, we do not think he has carried the burden which the law imposes upon him, and a new trial should have been granted.

*Judgment reversed. All the Justices concur.*