## BAILIE v. WOODWARD LUMBER COMPANY.

A contractor applied to the owner of the premises for the payment of a specific sum of money on their building contract, and the owner notified a materialman, who had furnished the contractor material which was used in the improvement of the owner's premises, that such payment was requested, and that she would not pay the contractor unless she had authority from the materialman. Thereupon the materialman authorized her to pay the contractor the sum requested, which she did. Held, that the materialman will be estopped from asserting his lien as against the owner upon the improved property, to the extent of the sum paid to the contractor.

June 12, 1914.

Lien foreclosure. Before Judge Hammond. Richmond superior court. January 23, 1913.

C. H. & R. S. Cohen, for plaintiff in error.

James M. Hull Jr. and Lansing B. Lee, contra.

Evans, P. J. The Woodward Lumber Company brought its action to enforce its materialman's lien against Mrs. M. C. Bailie, the owner of the premises improved, and W. S. Gregg, the contractor. The case was heard by the court without the intervention of a jury. The defendant pleaded estoppel, and that she had discharged the lien by payment, part of which was paid to the materialman and part to the contractor with the consent of the materialman. Upon the hearing of the cause the defendant, Mrs. Bailie, offered to prove that she had called up the Woodward Lumber Company and talked with its superintendent over the telephone, and stated that Mr. Gregg was asking payment of $300, and that she would not pay Mr. Gregg unless she had authority from the Woodward Lumber Company to pay the same (the Woodward Lumber Company having furnished the material for the construction of the house then in process of being built upon her premises by the contractor); and that the superintendent of the Woodward Lumber Company, in reply, authorized her to pay the contractor

the sum of $300. The court repelled this evidence. The parties entered into an agreed statement of facts, from which it appeared that Mrs. Bailie paid the contractor $300, and the balance of the sum due to the materialman by the contractor was paid to the materialman; and that the materialman was entitled to a judgment of foreclosure, unless it was competent to prove, as a defense to the action, the circumstances of payment to the contractor, as recited in the evidence which was rejected. Judgment was rendered in favor of the plaintiff, and the owner of the premises excepted.

The Civil Code (1910), § 3352, par. 2, declares: "When work, done or material furnished for the improvement of real estate is done or may be furnished upon the employment of a contractor, or some other person than the owner, then, and in that case, the lien given by this section shall attach to the real estate improved as against such true owner. for the amount of the work done, or material furnished, unless such true owner shows that such lien has been waived in writing, or produces a sworn statement of the contractor, or other person, at whose instance the work was done or material was furnished, that the agreed price or reasonable value thereof has been paid: provided that in no event shall the aggregate amount of the liens set up hereby exceed the contract price of the improvements made." It is contended that the testimony which was rejected by the court would only tend to establish a verbal waiver of the materialman's lien; whereas the lien could only be waived in writing. The force of this evidence is, not to show a waiver of the lien, but to establish an estoppel against the materialman from asserting the lien against the property for the amount paid the contractor with the consent and upon the authority of the materialman. The owner of the premises recognized that the materialman was entitled to a lien for material furnished to the contractor, which entered into the improvement. She was clearly mindful that her property would not be discharged from the lien of the materialman if she paid the contractor without his consent and direction. Accordingly, she applied to him for direction as to whether she should pay the contractor the sum of money which he was demanding. If the materialman authorized the payment of the specific sum to the contractor, and the sum was paid to the contractor under his direction, the materialman will be estopped from

thereafter asserting his lien against the property improved, to the extent of the sum so paid. Chilton v. Lindsay, 38 Mo. App. 57;. Fairbairn v. Moody, 116 Mich. 61 (74 N. W. 386, 75 N. W. 469). A party who by his acts or declarations induces another to conduct or dealings which he would not have entered upon but for such declaration will not be allowed afterwards to come in and assert his right to the detriment of the person so misled. That would be fraud. *Equitable Mortgage Company* v. *Butler,* 105 *Ga.* 555, 561 (31 S. E. 395). If Mrs. Bailie was induced to pay the contractor the sum demanded by him, on the authority of the materialman, the latter will be estopped from demanding that he should also be paid. To allow the materialman under these circumstances to enforce his lien against the property would require the double payment of the debt by the owner of the premises. We think this evidence should have been received by the court; and if the facts were found to be as shown thereby, the materialman would not be entitled to foreclose his lien.

*Judgment reversed. All the Justices concur.*