18060. FULTON PROPERTIES COMPANY INC. *v.* ZORN.

1. The evidence authorized a recovery by the plaintiff. (BROYLES, C. J., dissents.)
2. It does not appear that the verdict is excessive.

DECIDED JUNE 15, 1927.

Damages; from city court of Atlanta—Judge Humphries presiding. March 4, 1927.

Application for certiorari was made to the Supreme Court.

*Bryan & Middlebrooks,* for plaintiff in error.

*Hewlett & Dennis,* contra.

BROYLES, C. J. This was a suit for damages for personal injuries, brought against the owner of an apartment house by the servant of a tenant of the house. The plaintiff was given a verdict for $4000. The defendant's original motion for a new trial contained the usual general grounds, and an additional ground that the amount of the verdict was excessive and showed bias on the part of the jury. The grounds of the amendment to the motion for a new trial were merely elaborations of the general grounds.

1. The majority of this court think that the evidence authorized the jury to find that the defendant was guilty of one or more of the acts of negligence charged in the petition, and that the plaintiff, by the exercise of ordinary care, could not have avoided the consequences of that negligence. The writer dissents from this ruling. Conceding that the defendant was negligent as charged, the vital and controlling issue raised by the pleadings and the evidence was whether the plaintiff, by the exercise of ordinary care, could have avoided being injured. The plaintiff (who was the only person present when the injuries were inflicted) testified in her own behalf, and her evidence touching that issue was exceedingly confused and self-contradictory. Parts of it showed that she was exercising ordinary care when she was injured, while other portions demanded a finding that she failed to take such precautions for her safety as, under the circumstances, an ordinarily prudent person would have taken. "If a plaintiff testify in his own behalf, and there are material conflicts and contradictions in his testimony, he is not entitled to recover, *unless that portion of*

Damages, 17 C. J. p. 1091, n. 85.
Landlord and Tenant, 36 C. J. p. 253, n. 47.

*his testimony which is least favorable to his contention is of such a character as to authorize a recovery in his behalf."* (Italics mine.)   *Horne* v. *Peacock,* 122 *Ga.* 45 (2) (49 S. E. 722).   See also *Western & Atlantic R. Co.* v. *Evans,* 96 *Ga.* 481 (23 S. E. 494).   *Freyermuth* v. *South Bound R. Co.,* 107 *Ga.* 31 (32 S. E. 668) ; *Southern Bank* v. *Goette,* 108 *Ga.* 796 (2) (33 S. E. 974) ; *Atlanta Railway & Power Co.* v. *Owens,* 119 *Ga.* 833, 835 (47 S. E. 213).   Applying the ruling in the *Horne* case, supra, to the facts of the instant case, the writer's opinion is that a recovery by the plaintiff was unauthorized and that a new trial should have been granted.

2.   Under all the facts of the case this court can not hold as a matter of law that the amount of the verdict ($4000) is so large as to show bias or prejudice on the part of the jury.

*Judgment affirmed. Luke and Bloodworth, JJ., concur. Broyles, C. J., dissents.*