TODD *v.* LEWIS *et al.,* executors.

No. 6774. SEPTEMBER 10, 1929.

*Graham Wright,* for plaintiff.
*Whitaker & Whitaker* and *Neel & Neel,* for defendants.

ATKINSON, J. In 1898 A. F. Wooley Sr. executed a security deed conveying a described plantation to John P. Lewis and John W. Akin. The land so conveyed comprised 1840 acres, more or less, and included "forty-three and one half (43-1/2) acres of lot number two hundred and thirty-seven (237) conveyed and more particularly described by Duncan Merchison deed to said Wooley, recorded in Book W of Deeds, page 272, Clerk's Office Bartow Superior Court." On the same day the grantor executed another security deed conveying the same land to John W. Akin and J. M. Neel. Both deeds were duly recorded. The grantor died intestate in 1902, leaving a son, A. F. Wooley, and a daughter, Mrs. Hattie M. Pitchford, as his only heirs at law. In 1904 the heirs at law undertook to liquidate the estate, and to that end negotiated a sale of 200 acres of the land to said John P. Lewis for $3000, and a loan of a certain amount to be secured by a deed to the rest of the land. In order that these transactions might be closed, Lewis, Akin, and Neel united in one quitclaim deed purporting to con-

vey directly to the heirs at law individually "all our right, title, and interest" in all the land comprising the plantation. The heirs by warranty deed conveyed the two hundred acres to Lewis for the consideration of $3000. The tract so conveyed included the above-mentioned 43-1/2-acre tract. They also executed to Lewis their security deed to the rest of the land to secure the loan made to them. The three deeds last mentioned were filed for record at the same time, and all were recorded on April 5, 1904, as was also a power of attorney under which one of the heirs acted for the other. The actual delivery of the three last-mentioned deeds was on March 16, 1904, in order as follows: first the quitclaim deed to the heirs; second, the warranty deed from the heirs to Lewis; and third, the security deed from the heirs to Lewis. By inadvertence the warranty deed by the heirs to Lewis was dated "January—— 1904," and consequently the record of that deed erroneously indicated that its final execution and delivery was on that date. The date of the quitclaim deed to the heirs was March 16, 1904, which was its true date of actual delivery. Lewis entered possession of the 200-acre tract under the warranty deed immediately after its delivery, and possession was continuously maintained by him until his death in 1917 and ever afterwards by his executors. Lewis's possession included actual occupancy of a small part of the 43-1/2-acre tract. While the public record and possession of the land were as indicated above, C. A. Todd Jr., in 1920, purchased from the heirs at law 850 acres of the plantation and received from them deeds which expressly included the 43-1/2-acre tract. C. A. Todd Jr. subdivided the lands purchased by him, and at auction sold one of the subdivision tracts to C. A. Todd Sr. This sale included the 43-1/2-acre tract. At the auction sale one of the executors of Lewis notified both of the Todds that the executors claimed the 43-1/2-acre tract; but no such notice was given to C. A. Todd Jr., before or at the time of his purchase from the heirs at law of A. F. Wooley. A suit was instituted in 1925 by C. A. Todd Sr. against the executors of Lewis, to enjoin the cutting of timber on the 43-1/2-acre tract. The case was submitted to the judge without a jury, upon all questions of law and fact. There was evidence tending to show all that is stated above. A decision was rendered in favor of the defendants. The plaintiff's motion for a new trial was overruled, and he excepted.

1. If the respective dates of execution and delivery of the quitclaim deed by Lewis, Akin, and Neel as compared with the warranty deed to Lewis, as indicated by the face of the papers, and the public record thereof, be considered alone, it would appear that the quitclaim deed was delivered last in order. The apparent order of delivery of the two deeds, however, was a mistake, brought about by inadvertently setting out the wrong date in the warranty deed to Lewis. That deed was actually delivered last in order, and, as between the grantee and the grantors or subsequent purchasers from the grantors with notice of such mistake, vested full title to the land in dispute in the grantees.

2. It is urged by the plaintiff that his immediate grantor, C. A. Todd Jr., purchased the land in dispute from the grantors in the warranty deed on the faith of the public record and without notice of any mistake in the deed, and that the executors of Lewis, the grantee, are estopped from contradicting the order of delivery apparent on the face of the public record, and from asserting title to the land in dispute as against the said C. A. Todd Jr., and his grantee. This contention can not be sustained if the purchaser had notice of the mistake in the date of the deed at the time of his purchase. Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Civil Code (1910), § 4530.

3. The warranty deed to Lewis for 200 acres purported to convey *full title*. The only source of the grantor's title was by inheritance of an equity from A. F. Wooley and by grant of legal title previously acquired by Lewis, Akin, and Neel from Wooley in virtue of the outstanding security deeds from Wooley to them. In these circumstances conveyance of *full title* to Lewis by the warranty deed involved prior conveyance by Lewis, Akin, and Neel to the grantors in that deed. Conveyance to the said grantors was accomplished by the joint quitclaim deed from the three named persons. The logical inference therefore is that the quitclaim deed was delivered first in order and was not intended as a reconveyance by Lewis of full title conveyed to him by means of the warranty deed. Moreover, Akin and Neel were necessary parties to the quitclaim deed, in order that it might operate to transfer the legal title held by them; whereas they would not be necessary parties if the purpose had been a reconveyance, after the warranty

deed under which they took no interest. All that is stated above appeared on the face of the public record that was examined by the attorney of C. A. Todd Jr., before his purchase from the grantors named in the warranty deed to Lewis, as shown by the record of the two security deeds from A. F. Wooley, the quitclaim deed from Lewis, Akin, and Neel to the heirs of Wooley, the warranty deed from said heirs to Lewis, and the power of attorney from one of said heirs to the other, under which the attorney in fact acting as such and individually in his own behalf executed the warranty deed. The public records showing such facts, C. A. Todd Jr. was thereby put upon inquiry in regard to the accuracy of the apparent date of the warranty deed, which if duly prosecuted would have revealed the truth; and consequently he was charged with notice that the warranty deed was delivered last in order, and that it divested the grantors therein named of all title to the land in dispute, so that subsequently they were without title to convey to him. In view of the foregoing it has been unnecessary to consider the effect of Lewis's possession of the land as bearing on the question of notice. The case differs on its facts from *Equitable Mortgage Co.* v. *Butler,* 105 *Ga.* 555 (31 S. E. 395), and *Malette* v. *Wright,* 120 *Ga.* 735 (48 S. E. 229), and the rulings in those cases do not require a different decision. In connection with the latter case see *Kent* v. *Simpson,* 142 *Ga.* 49 (80 S. E. 440).

4. The plaintiff was not himself a bona fide purchaser without notice, because one of the executors of Lewis notified him expressly of Lewis's claim before he purchased from C. A. Todd Jr. In the circumstances the ground of estoppel relied on by the plaintiff, and stated in the second division above, was not sustained.

The foregoing rulings deal with the controlling questions in the case, and require an affirmance of the judgment overruling the plaintiff's motion for a new trial. In this view it is unnecessary to decide special grounds of the motion, relating to admissibility of other evidence introduced by the defendants for the purpose of showing notice to subsequent purchasers of the mistake in the warranty deed as to the actual date of its delivery.

*Judgment affirmed. All the Justices concur.*