STEPP *v.* STEPP *et al.*

No. 14448.    March 11, 1943.

*Hammond Johnson, Hammond Johnson Jr.,* and *Ed Quillian,* for plaintiff. *Smith & Telford* and *Boyd Sloan,* for defendants.

GRICE, Justice. Mere occupancy of land for twenty years will not give the occupant title thereto. The possession must be adverse. There are some situations in which the law says a person can not prescribe. Two of such conditions are shown by this record to exist. When either is present, there can be no adverse possession in the one who subsequently claims title by reason of his being in actual possession, even though his original entry be under a deed.

The case on the merits is controlled by the application of the principles stated in headnotes 4, 5, and 6. The plaintiff's insistence is that the evidence on some of the material issues was in conflict, made so by his testimony. The record has been checked and rechecked in order to see whether such contention is well founded. When a party relies on his own testimony in order to prevail, he has no just ground of complaint if, after scanning it carefully, without indulging any presumption in his favor, or supplying any gaps appearing therein, a court viewing it as a whole reaches the conclusion that it is insufficient to make out his case. Compare *Baggett* v. *Trulock,* 77 *Ga.* 369 (3 S. E. 162); *Burkhalter* v. *Oliver,* 88 *Ga.* 473 (14 S. E. 704); *W. & A. Railroad Co.* v. *Evans,* 96 *Ga.* 481 (23 S. E. 494); *Freyermuth* v. *South Bound R. Co.,* 107 *Ga.* 32 (32 S. E. 668); *Southern Bank* v. *Goette,* 108 *Ga.* 796 (33 S. E. 974); *Horne* v. *Peacock,* 122 *Ga.* 45 (49 S. E. 722). Counsel for the plaintiff contend that the case of *Malette* v. *Wright,* 120 *Ga.* 735 (supra), relied on for the ruling in the fifth headnote, has by later cases been so distinguished and limited as to have

been practically shorn of its authority as a precedent. While the case was distinguished in *Bridger* y. *Exchange Bank,* 126 *Ga.* 821 (56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. R. 118), and in *Todd* v. *Lewis,* 169 *Ga.* 1 (149 S. E. 562), and in *Kent* v. *Simpson,* 142 *Ga.* 49 (82 S. E. 440), it was said to stand on its own special facts, and in *Simpson* v. *Ray,* 180 *Ga.* 395 (178 S. E. 726), that being based on its own particular facts, it would not be so extended as to bring it in conflict with the general rule that actual possession is notice to the world of the right or title of the occupant,—nevertheless, in *Chestnut* v. *Weekes,* 180 *Ga.* 701, 706 (180 S. E. 716), it was said of *Malette* v. *Wright,* supra, that it was in harmony with other cited cases; and after referring to the fact that there were two lines of authority on the question, the court added that this State had adopted the rule found in *Jay* v. *Whelchel,* supra, *Malette* v. *Wright,* supra, *Johnson* v. *Hume,* 163 *Ga.* 867 (137 S. E. 56), and *Rimes* v. *Floyd,* 168 *Ga.* 426, 428 (148 S. E. 86). The *Rimes* case, a full-bench decision, squarely supports the ruling in *Malette* v. *Wright.* While the *Malette* case has not always met with commendatory references, the last being in *Chandler* v. *Georgia Chemical Works,* 182 *Ga.* 419, 426 (185 S. E. 787, 105 A. L. R. 837) it is believed that the ruling for which it was cited is sound.

The documentary evidence introduced by the defendants made applicable the principles first above referred to, and demanded a finding in their favor; and in our opinion the evidence as a whole was not sufficient to present any issue to go to the jury.

*Judgment affirmed. All the Justices concur.*