37546. WEST LUMBER COMPANY *v.* WHITE *et al.*

DECIDED FEBRUARY 24, 1959.

*Johnson, Hatcher, Meyerson & Irwin, Henry M. Hatcher, Jr.,* for plaintiff in error.

Edwin L. White, *pro se,* contra.

NICHOLS, Judge. In addition to the above facts, which were shown by the evidence, the defendant Edwin L. White testified in part: "On May 24th he called West Lumber Company and asked the auditor if the materials delivered to 817 Lullwater Road for use by Flowers had been paid for and was told that Flowers had paid West Lumber Company for these materials.

Based on this assurance, he let Flowers have two checks for $300 each, or a total of $600, on May 24th."

In *Bailie* v. *Woodward Lumber Co.*, 141 *Ga.* 806, 807 (82 S. E. 232), the Supreme Court, in a full-bench decision, said: "It is contended that the testimony . . . would only tend to establish a verbal waiver of the materialman's lien; whereas the lien could only be waived in writing. The force of this evidence is, not to show a waiver of the lien, but to establish an estoppel against the materialman from asserting the lien against the property for the amount paid the contractor with the consent and upon the authority of the materialman. The owner of the premises recognized that the materialman was entitled to a lien for material furnished to the contractor, which entered into the improvement. She was clearly mindful that her property would not be discharged from the lien of the materialman if she paid the contractor without his consent and direction. Accordingly, she applied [by telephone] to him for direction as to whether she should pay the contractor the sum of money which he was demanding. If the materialman authorized the payment of the specific sum to the contractor, and the sum was paid to the contractor under his direction, the materialman will be estopped from thereafter asserting his lien against the property improved, to the extent of the sum so paid. Chilton *v.* Lindsay, 38 Mo. App. 57; Fairbairn *v.* Moody, 116 Mich. 61 (74 N.W. 386, 75 N.W. 469). A party who by his acts or declarations induces another to conduct or dealings which he would not have entered upon but for such declaration will not be allowed afterwards to come in and assert his right to the detriment of the person so misled. That would be fraud. *Equitable Mortgage Company* v. *Butler*, 105 *Ga.* 555, 561 (31 S. E. 395). If Mrs. Bailie was induced to pay the contractor the sum demanded by him, on the authority of the materialman, the latter will be estopped from demanding that he should also be paid. To allow the materialman under these circumstances to enforce his lien against the property would require the double payment of the debt by the owner of the premises. We think this evidence should have been received by the court; and if the facts were found to be as shown

thereby, the materialman would not be entitled to foreclose his lien."

While in that case the judgment of the trial court rejecting the evidence of the defendant, that she had authority from the plaintiff corporation to pay the contractor, was reversed because such evidence was admissible, here, according to the record, the evidence was admitted without objection that the plaintiff's auditor advised the defendant White that the material was paid for (which of course would have authorized the payment to be made to the contractor), and such evidence was not contradicted and was entirely consistent with the evidence adduced by the plaintiff. Accordingly, the judgment of the superior court affirming the judgment of the trial court must be affirmed, since the evidence demanded a judgment that the materialman would not be entitled to enforce its lien.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*