## MAYS *v.* FLETCHER *et al.*

1. An instrument drafted in the form of a deed, declared to be a deed in the body thereof, attested as a deed, and containing a reservation of a life-estate to the grantor, is to be construed as a deed passing title in præsenti, with the right of possession postponed until the grantor's death.

2. The record of a properly executed deed is prima facie evidence of its delivery, and in the absence of rebutting proof such record is sufficient to prove the delivery of the deed.

3. Where the jury are instructed that both signing and delivery are es· sential to the validity of a deed, a charge on an issue as to the mental capacity of the grantor, to the effect that the mental condition of the grantor relates to the time of making the deed, is not erroneous as confining the inquiry of the grantor's mental capacity to the time of signing the deed, without reference to its delivery.

4. The failure to give a proper request to charge will not require a new trial, where the record discloses that the facts were such that the omission was not calculated to harm the party making the request.

5. The charge fairly submitted the issues, and no sufficient reason appears why a new trial should be granted.

OCTOBER 12, 1911.

Complaint for land. Before Judge Reagan. Butts superior court. November 21, 1910.

*J. R. L. Smith,* for plaintiff in error. *H. M. Fletcher,* contra.

EVANS, P. J. This is an action of ejectment by H. M. Fletcher, R. W. Mays, and John Billie Mays, a minor suing by next friend, against R. H. Mays. Plaintiffs and defendant claimed title from a common grantor, Mrs. M. R. Mays. The first muniment of the plaintiffs' title was an instrument, in the form of a deed and attested as such, from Mrs. Mays to R. L. Mays, Mary Mays, and John Billie Mays, dated March 21, 1899, and recorded April 25, 1899, containing in the body thereof this recital: "I hereby reserve title in the above-described land for and during my natural life, and at my death this deed to be a fee-simple title to the above-named parties." Mary Mays married H. M. Fletcher, and died leaving him as her sole heir. R. L. Mays conveyed his interest to R. W. Mays. The defendant pleaded that the instrument under which the plaintiffs claimed title was testamentary in character, and not a deed, and, not being executed and probated as a will, was void as a muniment of title; that at the time of its execution the grantor, Mrs. Mays, was mentally incapacitated to make a deed. He further pleaded: that Mrs. Mays had previously signed

a deed to her grandson, Homer Mays, who owned an equitable interest in the land, and in March, 1895, Mrs. Mays entered into a parol contract of sale with the defendant, whereby she sold the land to the defendant in consideration of services to be rendered to the grandson, who was afflicted with disease; that he entered into possession under the parol contract and fully complied with its terms. The verdict was for the plaintiffs.

1. An instrument attested as a deed, drafted in the form of a deed, and declared in the body thereof to be a deed is not rendered testamentary by a reservation of a life-estate to the grantor. Such an instrument is to be construed as a deed passing title in præsenti, with the right of possession postponed until the grantor's death. *Isler* v. *Griffin,* 134 *Ga.* 192 (67 S. E. 854).

2. One of the issues in the case concerned the delivery of the deed from Mrs. M. R. Mays to R. L. Mays and others, under which the plaintiffs claimed title. The grantees in the deed were the grandchildren of the maker, and the deed was executed at the house of the maker's son, who was the father of the grantees. At the time the maker signed it she was in bed. She had previously requested the scrivener, who was the clerk of the superior court, to prepare the deed, and it was signed by the maker in the presence of the clerk and another person, both of whom attested it as witnesses and left the deed with the maker. The deed was properly attested for record, and was recorded 35 days after its date. Mrs. Mays died 6 years after the record of the deed. On the trial the deed was produced as coming from the possession of the plaintiffs. The delivery of a deed is necessary to its validity, but delivery may be inferred from various circumstances. Attestation of a deed by an officer authorized to witness a deed is presumptive proof of delivery. *Ross* v. *Campbell,* 73 *Ga.* 309. Possession of a deed by a grantee, or one taking an interest thereunder, raises a presumption of delivery. *Black* v. *Thornton,* 30 *Ga.* 361; *Rushin* v. *Shields,* 11 *Ga.* 636 (56 Am. D. 436). The record of a properly executed deed is sufficient, but not conclusive, evidence of delivery. *Gordon* v. *Trimmier,* 91 *Ga.* 473 (18 S. E. 404). The mere retention by the grantor is insufficient to overcome the circumstances which afford an inference of the delivery of the deed. *Black* v. *Thornton,* supra. And especially so where the grantor reserves a life-estate to himself. *Brown* v. *Brown,* 97 *Ga.* 531, 537 (25 S. E. 353, 33

L. R. A. 816). Accordingly it was not error to charge that "the record of a deed properly executed is prima facie evidence of its delivery, and it becomes conclusive evidence if it is not rebutted by proof." And as there was no controversy that the deed was properly executed and came from the possession of the grantees, it was proper to decline to charge that if the deed was not delivered at the time of its attestation, it would not convey title unless there was other evidence showing that it was in fact delivered.

3. In an instruction upon the degree of mental capacity of a grantor to make a deed, it was not error to charge that the mental condition related to the time of the grantor's making the deed. Such an instruction, in view of the context of the charge as to the execution and delivery of the deed, to which the charge applied, was not calculated to mislead the jury to think that the time referred to by the court was confined to the moment of signing, without reference to the time of delivery.

4. A written request was made of the court to charge the jury, in his instruction upon the parol contract of sale claimed to have been made by Mrs. Mays with the defendant, that the jury might consider the deed from Mrs. Mays to Homer Mays for the purpose of identifying the land referred to in any conversation that may have been had between Mrs. Mays and the defendant, if the deed was referred to in any such conversation. One of the defenses was that Mrs. Mays had orally contracted with the defendant that the land should be his in consideration of his taking care of her grandson, Homer. This request to charge was pertinent to that issue; but the omission to charge it, under the facts of the case, was not calculated to harm the defendant. It appeared in the pleadings and evidence that the land in controversy was the same as that described in the deed, and the same which the defendant claimed under the parol contract. It also appeared that Mrs. Mays had no other land, and that the various contentions of the parties concerned the whole tract, and not any part of it. Under these circumstances the jury could not have been misled to believe that the land was other than that described in the deed to Homer Mays.

5. Other requests to charge, which were legal and pertinent, were covered by the general charge. The case was fairly submitted, and the evidence supports the verdict.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*