## ANDERSON *v.* ANDERSON *et al.*

The petition in this case when considered in its entirety shows that the conveyance of land executed by the petitioner, and which he seeks to have canceled as a cloud upon his title, was made with the intent to delay his creditors, and that he is therefore estopped from attacking it. The petition was properly dismissed on general demurrer.

No. 1551. MAY 11, 1920.

Equitable petition. Before Judge Jones. Lumpkin superior court. June 10, 1919.

John A. Anderson brought an equitable action against B. F. Anderson and his wife, Mrs. B. F. Anderson. The allegations of

the petition, in so far as here material, are in substance as follows: Petitioner is the owner, and in the actual possession, of the land described in the petition. Sometime prior to January 1, 1915, petitioner was fraudulently induced to purchase the exclusive right to sell a certain picture-making device within a given territory, and for the purchase-price of such right he executed to one Pitner three promissory notes aggregating several hundred dollars. The device was worthless, and so known to Pitner at the time. Before petitioner discovered this fact Pitner had sold the notes to three named different parties who claimed to be innocent purchasers for value. Petitioner went to the holders of his notes and informed them of the fraud which had been practiced on him by Pitner, and "offered to pay them what they had actually been out, both in time, money, and expense on account of the purchase by them of said notes so fraudulently obtained from him by the said Pitner." The holder of one of his notes accepted his proposition, was paid, and this note of petitioner was returned to him. The holders of petitioner's other notes "refused to accept said proposition and insisted on full payment of said notes." "The defendant, B. F. Anderson, learned of the situation in which petitioner was placed because of said fraud practiced on him as aforesaid, came to petitioner and represented himself to be a friend to petitioner, and, reminding petitioner of the close relationship in which they stood (petitioner being his younger brother), because of the ties of blood by which they were bound, offered to help petitioner. Said defendant time and again came to petitioner and told him if he would convey his property and all of the interest he had as an heir at law of the estate of his father, H. F. Anderson, to his wife, Mrs. B. F. Anderson, he would then settle these said debts represented by said promissory notes upon a just and equitable basis, and after said debts were so settled he would then reconvey said property to your petitioner, or would have his said wife, Mrs. B. F. Anderson, to do so." "Petitioner shows that his said older brother, B. F. Anderson, defendant, continually importuned him to make this conveyance of his said interest in the estate of his father [the land in question] to defendant's said wife, at such times reminding petitioner of his brotherly interest in him and his desire to protect him and provide for petitioner's future welfare;

and when petitioner would refuse to comply with defendant's wishes in this regard, defendant would become angry and abusive, would treat petitioner coldly, and would have nothing to do with him. Petitioner further shows, that, reposing trust and confidence in the said defendant, B. F. Anderson, he did convey to Mrs. B. F. Anderson his entire interest in said estate [the land in question] by a written conveyance executed sometime in the latter part of 1914, or the first of 1915. . . Petitioner shows that said deed was without consideration, and that the same was never delivered to the said defendant, Mrs. B. F. Anderson, and that she knew nothing of said transaction, and petitioner received no benefit under said deed, and received no money for the same. Petitioner was induced to make said deed upon the representations of his said brother, B. F. Anderson, defendant, that if he, petitioner, would make said conveyance, he could secure a just and equitable settlement of the claims against him; and upon the faith which he had in the said defendant's honor, and the confidence which petitioner had in him as a brother, he did make said conveyance aforesaid. Petitioner shows that said conveyance aforesaid was not made with any intention on his part to hinder, delay, or defraud his creditors, but was made at the suggestion and upon the advice of his brother that by so doing he could and would secure a just and equitable adjustment of said claims against him, that his said creditors would get value received. Petitioner shows that his said creditors were paid off and satisfied; and after this was done, petitioner went to his said brother, B. F. Anderson, defendant, and demanded a deed of reconveyance to said property hereinbefore described, and his said brother refuses and still refuses to have said deed of reconveyance made to petitioner, and fails and refuses to pay petitioner for his said land. Petitioner shows that the conduct of said defendant, B. F. Anderson, hereinbefore set out, . . was fraudulent, and the representations made by said defendant to petitioner were false, and were made as a part of a false and fraudulent scheme to rob petitioner out of his said land, and to deprive petitioner of his rights as an heir at law of his father's estate; . . petitioner was deceived, misled, and induced thereby to execute the aforesaid alleged deed to Mrs. B. F. Anderson, joint defendant herein. . . And said alleged deed so obtained through

the said fraud of said defendant, B. F. Anderson, is void for fraud. But petitioner shows that said alleged deed, outstanding in said Mrs. B. F. Anderson, forms and constitutes a cloud upon the title of petitioner, reduces the market value of petitioner's said land, and injures and damages the value of same." Since the execution of the deed petitioner has remained in actual possession of the land, cultivating same, and renting parts of it to tenants, with the full knowledge of both of the defendants, who have stated to many persons in the community that the land belonged to petitioner. "Petitioner shows that said defendants discussed with him the making of improvements on said land, and advised that improvements be made on the same, and allowed petitioner to expend sums of money on said land in making improvements in the amount of $1000 or other large sums, said improvements consisting of building and repairing houses, erecting a mill, and making other valuable improvements on said land. At no time did defendants assert or pretend that the title to said property was in them or either of them. On the contrary, defendants disavowed having any title to said land, and treated said alleged deed as being void and inoperative, and in no way affecting the title of petitioner to said land. And defendants knew that petitioner was making said improvements, was living on, cultivating, and renting said land on the faith of his ownership of same, and to all of which they consented." Petitioner had no notice or knowledge that defendants were claiming title to the land until during the spring of 1918, when he demanded of them that they reconvey the land to him; and they refused to do so. The prayers are, that the deed from petitioner to Mrs. B. F. Anderson be cancelled as a cloud upon the title of petitioner; that the title to the land be decreed to be in him; that the defendants be restrained from interfering with the tenants of petitioner, or from in any way molesting him in the enjoyment of the land; and for process. The petition was dismissed on general demurrer, and the petitioner excepted.

*R. H. Baker* and *B. P. Gaillard Jr.,* for plaintiff.

*O. J. Lilly* and *J. F. Pruitt,* for defendants.

FISH, C. J. (After stating the foregoing facts.)

An absolute conveyance of land purporting to be made on a valuable consideration is binding between the parties, though made for the purpose of hindering, delaying, or defrauding creditors. The

parties being in pari delicto, and the conveyance being an executed contract, the vendor can not impeach it as a muniment of title in the vendee and have it cancelled, whether. possession of the land has been delivered under it or not, or whether the vendee really paid the recited purchase-money or not.. *Parrott* v. *Baker,* 82 *Ga.* 364 ·(4), 370 (9. S. E. 1068) ; *Tune* v. *Beeland,* 131 *Ga.* 528 (62 S. E.. 976). And if the conveyance be voluntary, without consideration, and executed with intent to hinder, delay, or defraud creditors, the grantor is likewise estopped from attacking it. *McCleskey* v. *Leadbetter,* 1 *Ga.* 551, 557. A conveyance must be pure and without purpose by the debtor, in executing it, to hamper and entangle his property as against his creditors for the sake of hindering or delaying them. *Phinizy* v. *Clark,* 62 *Ga.* 624, 627; *Conley* v. *Buck,* 100 *Ga.* 187, 207 (28 S. E. 97).

A general demurrer admits facts well pleaded, but not the legal conclusions deduced therefrom by the pleader. In passing upon such demurrer to a petition, all the allegations therein should be considered; and if in view of the entire petition the petitioner is not entitled to the relief sought, the petition is subject to general demurrer. It is evident from the petition here, considered in its entirety, that the petitioner voluntarily executed and delivered the deed which he prays that the defendants be required to produce, and which he seeks to have cancelled, for the purpose of hindering the two creditors who held his promissory notes, and who had refused to accept his offer " to pay them what they had actually been out, both in time, money, and expense on account of the purchase by them of said notes." The petition alleges that " Petitioner was induced to make said deed upon the representations of his said brother, B. F. Anderson, defendant, that if he, petitioner, would make said conveyance, he [said defendant] could secure a just and equitable settlement of the claims against him, and upon the faith which he had in the said defendant's honor, and the confidence which petitioner had in him as a brother, he did make said conveyance." These allegations clearly indicate that the deed was executed for the purpose of enabling the defendant, B. F. Anderson, to secure or make what the petitioner and such defendant should consider " a just and equitable settlement" with the creditors of the petitioner holding his notes, since the petitioner himself had failed to secure such a settlement, the title to his land

being put in petitioner's brother presumably to enable him to secure a more advantageous settlement than petitioner could procure. This being true, the petitioner is estopped from attacking the conveyance so made. The allegation that the conveyance "was not made with any intention on his [petitioner's] part to hinder, delay, or defraud his creditors, but was made at the suggestion, and upon the advice of his brother that by so doing he could and would secure a just and equitable adjustment of said claims against him [petitioner], that his said creditors would get value received," can not avail the petitioner in the face of the evident purpose and intent which the petition, when considered in its entirety, discloses to have been the hindering and delaying of his creditors.

It follows from what has been said that the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*