## LOWRY *v.* LOWRY *et al.; et vice versa.*

1. In a petition for partition, under section 5358 of the Civil Code of 1910, the applicant alleged that he was an heir at law of his father, who died intestate; seized of the land in question; and the widow of the intestate and seven named children (the mother and brothers and sisters of the applicant) were named as tenants in common. The mother filed a defense to the proceeding under section 5363 of the Civil Code, denying the demandant's title to any part of the land, and claiming the land under deeds alleged to have been executed and delivered by the intestate in his life time to her. *Held,* that upon the trial of the issue, evidence tending to show the non-delivery of the deeds was admissible without special pleadings for that purpose.

2. Whether a deed has in fact been delivered is, unless the proof is complete and undisputed, a question for the jury. The presumption of delivery arising from the due attestation and registration of a deed which contains no reservation or restriction may be rebutted by evidence tending to show that the maker of the deed retained the actual possession of it, and continued to exercise acts of ownership over the land therein described, and that the grantee named in the instrument, subsequently to the death of the maker, acted as if the title to the land had not passed to her.

3. The doctrine that the grantor in a deed made for the purpose of hindering, delaying, or defrauding his creditors, or one claiming in his right, can not be heard to question the validity of such deed, does not apply where the deed was not in fact delivered.

4. The defendant in a partition proceeding can not set up matters of defense not germane to the case made by the plaintiff's petition, and can not recover a personal judgment against the plaintiff upon a separate and independent cause of action.

Nos. 1623, 1624. August 14, 1920.

Partition of land. Before Judge Tarver. Bartow superior court. July 16, 1919.

Dr. Tanner Lowry filed a statutory petition for partition. He named Mrs. S. E. Lowry (his mother) and his brothers and sisters as tenants in common and as defendants in the proceeding. He claimed one ninth undivided interest in the land described in his petition, as heir at law of Daniel Lowry, his father. He alleged that Daniel Lowry was the owner of the land, that he was seized and possessed of the same at the time of his death, and that he died intestate. Mrs. Lowry filed a defense, denying the plaintiff's title, and averring that she was the owner of the land in fee simple, under deeds from her husband, Daniel Lowry, conveying to her the land described in the petition. Copies of these deeds, which

were recorded, were attached to her answer. Mrs. Lowry further alleged that plaintiff had managed the land for her for a number of years, and that as her agent he had received a large sum of money from the rents, issues, and profits of the farm. She prayed judgment against him for such sum. She offered an amendment to her answer, alleging that the plaintiff had procured from her $4500, which had been turned over to her by her husband to be delivered by her after his death to all his children, including the plaintiff. She prayed for a judgment against the plaintiff for said amount. The other defendants answered, denying the plaintiff's title, and alleging that the title was in Mrs. Lowry.

Upon motion the court struck that part of the answer of Mrs. Lowry in which she sought to recover rents from the plaintiff, and disallowed the amendment to her answer. At the conclusion of the evidence the court directed a verdict for Mrs. Lowry. The plaintiff excepted to this direction, and further assigned error upon rulings excluding certain evidence offered by him. Mrs. Lowry, in a cross-bill of exceptions, assigned error on the judgment of the court in striking her prayer for rents, in disallowing the amendment to her answer, and in admitting in evidence certain testimony offered by the plaintiff.

*M. B. Eubanks* and *Neel, Finley & Neel,* for plaintiff.

*Paul F. Akin,* for defendant.

GEORGE, J. (After stating the foregoing facts.) Daniel Lowry was seized and possessed of the land described in the petition at the time of his death. Prior to his death he executed two deeds to his wife, Mrs. Sarah E. Lowry. These deeds covered the land in controversy. The plaintiff in the partition proceeding contended, and offered evidence tending to show, that the deeds were never in fact delivered. Objection was made to the admission of this evidence, upon the ground that in a statutory proceeding for partition, and especially without pleadings for that purpose, the plaintiff could not question the delivery of the deeds. The court overruled this objection, and this ruling is assigned as error in the cross-bill of exceptions. We think this evidence was properly admitted. The plaintiff's petition did not refer to the deeds. When they were introduced by the defendant it was competent for the plaintiff to show their non-delivery, by any competent evidence for that pur-

pose, and without special pleading, delivery being essential to the validity of the deeds.

2.   We come to the consideration of the real question in the case, that is, whether the deeds were delivered.   The deeds were duly attested in the presence of two witnesses, one of them being an official witness.   The deeds were duly recorded.   The registration of a properly executed deed is prima facie evidence of its delivery.   See *Wellborn* v. *Weaver,* 17 *Ga.* 267 (13) (63 Am. Dec. 235) ; *Rushin* v. *Shields,* 11 *Ga.* 636, 640 (56 Am. Dec. 436) ; *Ross* v. *Campbell,* 73 *Ga.* 309 ; *Gordon* v. *Trimmier,* 91 *Ga.* 472, 476 (18 S. E. 404) ; *Parker* v. *Salmons,* 101 *Ga.* 160, 166 (28 S. E. 681, 65 Am. St. R. 291) ; *Equitable Mortgage Co.* v. *Butler,* 105 *Ga.* 555 (31 S. E. 395) ; *Allen* v. *Hughes,* 106 *Ga.* 775, 785 (32 S. E. 927) ; *Bourquin* v. *Bourquin,* 110 *Ga.* 440, 446 (35 S. E. 710) ; *Watkins* v. *Nugen,* 118 *Ga.* 372, 374 (45 S. E. 262) ; *Mays* v. *Fletcher,* 137 *Ga.* 27 (2), 28 (72 S. E. 408).   The presumption of delivery arising from the due attestation and registration of a deed may be rebutted.   The plaintiff testified that his father was the president of the Rome Grocery Company and an indorser for the company.   The company failed, and his father feared that he would become personally involved on account of his connection with the company and on account of his indorsement of its paper. He decided to execute the deeds in question.   The deeds were drawn by the plaintiff at the request of his father.   The deeds were prepared at the family home, and in the presence of the mother and other members of the family.   After the deeds were drawn his father filed them in his desk, and on the following day executed or acknowledged them in the presence of the witnesses.   After the execution of the deeds his father gave them to the plaintiff, with the direction to have them recorded for him.   After the deeds were recorded the plaintiff returned them to his father, and they were placed in the father's safe in the home, where they remained until the father's death, which occurred about two years after the deeds were recorded.   The mother had access to the safe and could open it.   Whether she had other papers in the safe does not appear. Daniel Lowry, during the remainder of his life, continued in the possession of the land.   He rented the land, collected the rents, managed and controlled the land just as he had managed and controlled it for many years prior to the execution of the deeds.   Daniel

Lowry died in 1902. For many years, and until a short time prior to the filing of the suit, the plaintiff, his mother, brothers and sisters jointly occupied or jointly used the land and profits therefrom. Mrs. Lowry at all times recognized the land as a part of the estate of her deceased husband. She never asserted any claim to the land under the deeds, each of which recited a valuable consideration. On one occasion the heirs at law of Daniel Lowry, including Mrs. Lowry, agreed upon a partition of the land, and partitioners or arbitrators were selected for the purpose of making the division among them. To these arbitrators Mrs. Lowry referred to the lands as the lands of the estate, and made no claim to the same as purchaser. It further appeared that Daniel Lowry paid off all indebtedness of the Rome Grocery Company upon which he could be held liable, after the execution and registration of the deeds.

The objection that the conduct and admissions of the grantee in the deeds could not be received to impeach the deeds is based on the assumption that the deeds were in fact delivered, the real issue in the case. Mrs. Lowry was present at the time of the execution of the deeds. She knew that they had been recorded. That the grantee named in the instruments acted as if title to the land had not passed to her, the instruments purporting to convey to her an absolute or fee simple estate, must be regarded as tending to show non-delivery. The evidence that the maker of the instruments continued to act as if the title to land had not passed to the grantee named must also be regarded as tending to show non-delivery, though, the relation of the parties considered, such evidence may not be given much weight by the jury. The admissions of the grantee, if made, are of course subject to explanation.

3. The position is taken that the deeds were made to hinder, delay, or defraud the creditors of the grantor. The rule is that the grantor, or one claiming in his right, can not be heard to impeach the validity of a deed made for such purpose. If the deeds were not in fact delivered, they did not pass title out of the grantor. The doctrine invoked has no application to an executory contract; it applies only to an executed contract. While a conveyance is not a contract, the principle is the same. Until delivery, there is no complete and final act of the maker, evidencing his intention that the deed shall have a legal operation. Our conclusion is that the court erred in directing a verdict for the defendant.

4. On the assignments of error in the cross-bill of exceptions: That part of the answer which was stricken by the court, and the rejected amendment, sought to inject into a statutory proceeding for the partition of land independent causes of action not germane to the matter in the plaintiff's suit. This can not be done even in an equity case or in a case analogous to a suit in equity. *Atlanta Northern Railway Co.* v. *Harris,* 147 *Ga.* 214, 218 (93 S. E. 210). It is true that in a partition proceeding it may be shown that one tenant in common has collected and appropriated more than his share of the rents and profits, and such tenant's share of the land may be charged with a lien for the excess rentals received by him. This principle is well settled in this State. See *Turnbull* v. *Foster,* 116 *Ga.* 765 (1), 768-9 (43 S. E. 42). It will be noted, however, that Mrs. Lowry denied the plaintiff's title, and alleged that she was the exclusive owner of the land. She did not pray that in the event of a partition of the land the excess rents and profits received by the plaintiff be declared a charge on his share of the land. It can not be held that the court erred in striking so much of her answer as sought to recover a personal judgment against the plaintiff for rents and profits alleged to have been collected by him, not as a tenant in common, but as the agent of defendant in charge of the defendant's land. The assignment of error in the cross-bill of exceptions, to the ruling of the court in admitting evidence tending to prove the non-delivery of the deeds in question, has been disposed of in the opinion dealing with the assignments of error in the main bill of exceptions.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*