ALLEN *v.* BEMIS, guardian, *et al.*

557

No. 14028.   MARCH 10, 1942.

562

W. A. *Slaton*, for plaintiff in error.

*Park & Park* and *Hawes Cloud*, contra.

DUCKWORTH, Justice. ■ All the assignments of error, including the special grounds, are involved and will be decided by a decision on four questions, to wit: (a) Has the plaintiff Flynt such an interest in the subject-matter as to authorize him to prosecute the action? (b) Was the deed sought to be canceled invalid because of non-delivery? (c) Were the plaintiffs entitled to show that the purpose of grantor in executing the deed was to hinder, delay, or defraud his creditors? (d) Is the verdict supported by the evidence?

Whatever interest and rights the plaintiff Flynt has arose by virtue of the acceptance of his highest bid at the sale by the guardian. He has not paid the amount of his bid, nor has he received a deed to the land. By the acceptance of his bid and knocking off the land to him at the sale, he thereupon and thereby became legally bound to pay the full amount of his bid. Code, § 39-1301. No memorandum of the sale is necessary in order to render it effective and binding upon both the guardian and the bidder. Code, § 39-1306; *Green* v. *Freeman*, 126 *Ga.* 274 (55 S. E. 45, 7 Ann. Cas. 1069); *Arnold* v. *Arnold*, 154 *Ga.* 195 (113 S. E. 798). In the circumstances of the case, either the guardian or Flynt, the bidder, can by legal process compel the other to execute fully the terms of the sale. Flynt has such an interest in the land by virtue of his bid that upon payment or tender of the amount thereof he can require the execution by the guardian of a proper conveyance of the land. On the other hand, the guardian can by legal process require Flynt to pay the amount of his bid. Under such circumstances Flynt has a very definite interest in the subject-matter of the suit. The deed which it is sought to cancel constitutes a cloud

upon the title, and this action is to remove that cloud by cancellation of the deed. Although the deed be void for the reasons alleged in the petition, its cancellation is necessary to the perfect protection of the owner of the land. Under these circumstances Flynt is entitled to prosecute the action for cancellation of the deed. Code, §§ 37-1407, 37-1408; *Hale* v. *Turner*, 183 *Ga.* 593 (189 S. E. 10).

■ The deed in question having been duly recorded, this record is presumptive evidence of its delivery. *Harvill* v. *Lowe*, 47 *Ga.* 214; *Parker* v. *Salmons*, 101 *Ga.* 160 (3) (28 S. E. 681, 65 Am. St. R. 291); *Equitable Mortgage Co.* v. *Butler*, 105 *Ga.* 555 (31 S. E. 395). But this presumption is rebuttable; and where there is evidence of non-delivery of a deed, an issue of fact arises and it is for the jury to decide whether or not the deed was in fact delivered. *Wellborn* v. *Weaver*, 17 *Ga.* 267 (13) (63 Am. D. 235); *Shelton* v. *Edenfield*, 148 *Ga.* 128 (2) (96 S. E. 3); *Lowry* v. *Lowry*, 150 *Ga.* 324 (2) (103 S. E. 813); *Waters* v. *Wells*, 155 *Ga.* 439 (8) (117 S. E. 322); *Morris* v. *Morris*, 171 *Ga.* 642 (2) (156 S. E. 256); *Daniel* v. *Stinson*, 179 *Ga.* 701 (4) (177 S. E. 590). The plaintiffs in the present case produced sufficient facts and circumstances to authorize the jury to find that the presumption of delivery arising from the record of the deed was rebutted, and that the deed had not in fact been delivered. Those circumstances may be briefly stated as follows: When the grantor delivered the deed to the clerk to be recorded, he instructed the clerk to return the same to the grantor's attorney when it had been so recorded, and this instruction was followed by the clerk. The grantee knew of the guardian's sale, requested one person to bid thereat, stated that she had no objections to the sale and had no interest in the land, and she was personally close enough to the court-house where the sale was held to hear the bidding, and knew that the same was taking place. She stated that the grantor owed her nothing, that she did not know why he executed the deed, and that she could not understand it. Over a long period of years, from 1921 to 1940, inclusive, she made tax returns, but returned no notes or other claims held and owned by her. She referred to the land as "Sonny's land," meaning B. Lawrence Battle. She presented no claim against the estate, made no effort to collect the alleged notes secured by the deed, and made no objection to the discharge of the executor upon his application reciting that he had paid all debts of

the estate and fully executed his trust. And in response to the notice to produce the deed upon the trial she contented herself with the statement of her counsel that she did not possess the deed, and made no attempt to explain why she was unable to comply with that notice. These circumstances fully authorized the jury to find that the deed had never been delivered.

■ It is the general rule that the grantor and his heirs are estopped to assert that the purpose of the grantor in executing a deed was to hinder, delay, or defraud his creditors. *McCleskey* v. *Leadbetter,* 1 *Ga.* 551; *Bush* v. *Rogan,* 65 *Ga.* 320 (38 Am. R. 785) ; *Taylor* v. *Street,* 82 *Ga.* 723 (9 S. E. 829, 5 L. R. A. 121) ; *Boswell* v. *Boswell,* 147 *Ga.* 734 (2) (95 S. E. 247) ; *Anderson* v. *Anderson,* 150 *Ga.* 142 (103 S. E. 160). This rule is founded upon the proposition that one will not be permitted to profit by his own wrong. Where a deed is executed for such fraudulent purpose and becomes effective by delivery, then to allow the grantor and those claiming under him to attack such a deed because of the fraudulent purpose on the part of the grantor would be to allow such grantor to profit by his own wrong. Where, as in this case, it is alleged, and evidence produced to sustain such allegation, that the deed in question was never delivered, the above rule of estoppel does not apply. In *Lowry* v. *Lowry,* 150 *Ga.* 324 (3) (103 S. E. 813), it was said: "The doctrine that the grantor in a deed made for the purpose of hindering, delaying, or defrauding his creditors, or one claiming in his right, can not be heard to question the validity of such deed, does not apply where the deed was not in fact delivered." The foregoing quotation was approved and repeated in *Morris* v. *Morris,* 171 *Ga.* 642 (3) (156 S. E. 256). To the same effect see *Clowers* v. *Clemons,* 185 *Ga.* 567, 570 (196 S. E. 28). This exception rests upon sound principles, because if the deed is not delivered the grantor stops short of executing his fraudulent purpose. He is guilty of no wrong to his creditors. A cancellation of such a deed works no injury to the person named as grantee. Evidence of such purpose, coupled with a claim of non-delivery, tends to support the claim by showing a total absence of a desire or intention to benefit the person named as grantee. It is not necessary in such a case to sustain an allegation of fraud in order to obtain cancellation, since non-delivery alone would authorize that relief. Nor is it necessary that the evidence show that

such fraudulent purpose was known to the person named as grantee.

The verdict in favor of plaintiffs is supported by the evidence, and the ruling on the demurrer and the grounds assigning error upon portions of the charge are controlled adversely to the movant by the preceding rulings.

*Judgment affirmed. All the Justices concur.*