DOOLITTLE *et al. v.* BAGWELL, executor, *et al.*

No. 15102. MARCH 7, 1945.

158

*J. L. Smith,* for plaintiffs.

*Boykin & Boykin,* for defendants.

WYATT, Justice. ■ The petition in this case seeks to have canceled certain deeds executed on January 4, 1922, and to have the property distributed in accordance with the terms of a will executed on December 8, 1920, by the grantor in the deeds. The petition alleges that the deeds were executed for the purpose of hindering, delaying, and defrauding creditors of the grantor. It is alleged that the deeds "were not delivered." The petition makes the allegation that the "petitioners hereby agree to surrender the property mentioned in the last two deeds for the disposition by said executor in terms and compliance with the provision of the will"—the property thus agreed to be surrendered being that portion of the property to which the plaintiffs would be entitled under the terms of the deeds executed January 4, 1922. The petition, therefore, presents a situation in which the deceased grantor executed deeds to the members of his family, including the plaintiffs or those under whom they derive title, conveying all of his property for the purpose of hindering, delaying, and defrauding his creditors. The formal execution of the deeds and the language of the attestation clause raise a prima facie presumption that the deeds were delivered. *Bourquin* v. *Bourquin,* 110 *Ga.* 440, 446 (35 S. E. 710) ; *Mays* v. *Fletcher,* 137 *Ga.* 27 (2), 28 (72 S. E. 408). The fact that the deeds were duly recorded also raises a prima facie presumption of delivery. *Henderson* v. *Kemp,* 155 *Ga.* 489, 492 (117 S. E. 244). We recognize that these facts raise presumptions only, and ordinarily would not authorize the sustaining of a general demurrer. We have in the instant case the further allegation that the plaintiffs went into possession of that portion of the property to which they were entitled under the terms of the deeds sought to be canceled. This is true for the reason that, construing the petition most strongly against the plaintiffs, as must be done (*Krueger* v. *MacDougald,* 148 *Ga.* 429, 96 S. E. 867; *James* v. *Maddox,* 153 *Ga.* 208, 111 S. E. 731; *Moore* v. *Moore,* 188 *Ga.* 303, 4 S. E. 2d, 18), they certainly could not agree to surrender possession if they were not in possession. We are confronted with the question whether a petition, simply alleging that deeds "were

not delivered," should be dismissed on general demurrer when all of the facts above stated appear in the petition. We recognize the rule, "The doctrine that the grantor in a deed made for the purpose of hindering, delaying, or defrauding his creditors, or one claiming in his right, can not be heard to question the validity of such deed, does not apply where the deed was not in fact delivered," as enunciated in *Lowry* v. *Lowry,* 150 *Ga.* 324 (103 S. E. 813), and followed in *Morris* v. *Morris,* 171 *Ga.* 642 (156 S. E. 256); *Clowers* v. *Clemons,* 185 *Ga.* 567, 570 (196 S. E. 28); and *Allen* v. *Bemis,* 193 *Ga.* 556 (3), 564 (19 S. E. 2d, 516). The author of this opinion, speaking for himself, does not commit himself as to the soundness of this rule, but simply states that we are bound by the rule. The precise question here is whether or not, when the petition alleges a conveyance to hinder, delay, and defraud creditors, properly executed, duly recorded, under the terms of which the grantees went into possession of the property, it should or should not be dismissed on general demurrer simply because the petition contains the bare statement, "the deeds were not delivered."

This court, in *Tune* v. *Beeland,* 131 *Ga.* 528, 539 (62 S. E. 976), said: "The law brands as fraudulent every conveyance made with intention to delay or defraud creditors, where such intention is known to the party taking. Civil Code, § 2695 (2). The courts will not set aside a conveyance to hinder, delay, or defraud creditors, at the instance of the grantor. *Watkins* v. *Nugen,* 118 *Ga.* 375 (45 S. E. 260). When a suitor applies for equitable relief, he must come into court with clean hands with respect to the matters concerning which he asks such relief."

*Anderson* v. *Anderson,* 150 *Ga.* 142 (103 S. E. 160), was a case in which it was sought to cancel a deed made for the purpose of hindering and defrauding creditors. The petition contained the allegation, "and the same [deed] was never delivered to the said defendant." A general demurrer to the petition was sustained. This court affirmed the judgment, and in the opinion said: "A general demurrer admits facts well pleaded, but not the legal conclusions deduced therefrom by the pleader. In passing upon such demurrer to a petition, all the allegations therein should be considered; and if in view of the entire petition the petitioner is not entitled to the relief sought, the petition is subject to general demurrer. It is evident from the petition here, considered in its

entirety, that the petitioner voluntarily executed and delivered the deed which he prays that the defendants be required to produce, and which he seeks to have cancelled."

Count 2 of the petition makes the allegation that, at the time the deeds in question were executed, the grantees executed quitclaim deeds to the grantor, which were not placed of record. Surely it can not be contended that the grantees in the deeds could convey the property by quitclaim deed back to the grantor, unless first he had effectually conveyed the property to them. This allegation makes perfectly clear the full participation of both the grantor and the grantees in the scheme to hinder, delay, and defraud creditors. The contention of the plaintiffs in error in this case would make it possible for any dishonest debtor to convey all of his property to the members of his family, have the deed duly recorded, put the members of his family in possession of the property, and simply keep manual possession of the deed until such time as his indebtedness had become barred by the statute of limitations, and then call upon a court of equity to cancel the deed of record, and thereby assist him in reaping the benefit of his dishonest conduct. Such a result as this is repugnant to the very word equity. We are unwilling to lay down a rule that would accomplish this result.

We are also of the opinion that the petition in this case runs squarely into the rule laid down in the Code, § 37-104: "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." While the plaintiffs express their desire and willingness to surrender to the executor the land in their possession, they do not allege that they have surrendered, or even that they are willing to surrender, the rents and profits accruing during the time that the property has been in their possession.

■ This is not a suit for accounting. See *Spence* v. *Brown*, 198 *Ga.* 566 (32 S. E. 2d, 297). It follows that there was no error in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*