KEESEE *v.* COLLUM *et al.*

No. 17568. ARGUED SEPTEMBER 10, 1951—DECIDED OCTOBER 9, 1951.

*A. Felton Jenkins* and *Rupert A. Brown,* for plaintiff in error.
*Clarence R. Vaughn Jr.,* and *E. R. Lambert,* contra.

ALMAND, Justice. ■ On the trial, the court charged the jury as follows: "I charge you that actual or constructive delivery of a deed, in order for such deed to be valid, must be made during the lifetime of the grantor; and that, if you find from the evidence submitted to you in this case that the grantor, J. R. Estes, did not deliver the deed to the defendant, Mrs. Ethel Estes Keesee, prior to his death, then there could have been no delivery, and you would be authorized to find the deed null and void and return a verdict in favor of the plaintiff." There is no complaint that the charge was not a correct instruction, but the defendant insists that this instruction was deficient in not informing the jury as · to what constitutes constructive delivery. It is insisted that the charge misled the jury to believe that, unless the defendant acquired physical possession of the deed during the life of the grantor, the deed was void, when under the law it was a legal delivery if the grantor intended the deed to be delivered during his lifetime; and that the court should have instructed the jury that a legal delivery could be made if it was intended by the grantor that the deed should be delivered to the grantee during the lifetime of the grantor, and it would make no difference if the grantee did not obtain physical possession of the deed until after the death of the grantor.

In immediate connection with the part of the charge quoted above, the court instructed the jury as follows: "Our law provides that a deed to land in this State must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser or someone for him and be made on a good or valuable consideration. . . I charge you that a deed may be delivered by acts without words or by words

without acts. Anything which clearly manifests that the deed shall presently become operative and effective is sufficient." In the absence of a written request by the defendant, it was not error for the court to fail to give further or additional instructions as to what could constitute constructive delivery of a deed. *Moss* v. *Moss*, 169 *Ga.* 734, 738, 739 (4) (151 S. E. 506).

■ It is insisted that the grantor, in making the deed to Mrs. Keesee and retaining for himself a life interest in the property, raised a presumption of delivery. Though the grantor by reserving a life interest in the property raised a prima facie presumption of delivery, such presumption, like the presumption from the execution of a deed or the record thereof, is one that may be rebutted. The jury in this case, under the evidence, were authorized to find: that, after the grantor executed the deed, he retained possession of the same; that on March 3, 1950, before his death on March 6, the grantor, who was ill, had his four children assemble at his home, and on his direction the son got a tin box from the grantor's trunk, which contained several envelopes with the names of his children thereon, and a sum of money was also in an envelope; that the money was counted out in four equal parts; that on one of the envelopes was the name of Mrs. Keesee, and this envelope contained the deed from the grantor to her conveying the property in question; that, after the money was divided into four parts, it was handed back to the grantor and placed in separate envelopes, and after the deeds had been taken out of the envelopes, the grantor said, "I will fix the rest tomorrow, I have got to lay down"; and that the son picked up the deeds and money and put them back in the envelopes and returned all of them to the trunk of the grantor, where they remained until after his death, when the son took the deeds out of the trunk and delivered to Mrs. Keesee the deed from the grantor to her. This evidence was sufficient to rebut any presumption of delivery arising by reason of the grantor's retention of a life interest in the property. In *Stinson* v. *Daniel*, 193 *Ga.* 844, 851 (20 S. E. 2d, 257), which involved the question of whether there had been delivery of a deed, the evidence was that the grantor in executing the deed had it recorded and returned to him, where it was found in his papers after his death. This court, in discussing whether the

presumption of delivery had been rebutted, said: "The jury might have thought that his entire conduct was more in harmony with his purpose not to make delivery of the instrument than it was with his intent to part with dominion over it. Unless it had passed from his control, there was no delivery, although there might have been in his mind a determination to deliver it at some future day. So long as there remained an opportunity for him to change his mind, and this period continued until it was delivered, the title did not pass by virtue of the execution of the deed, even though it had been recorded at his own instance. 'The true test of delivery of a deed of conveyance is whether or not the grantor intended to reserve to himself the locus penitentiae.' 7 Thompson on Real Estate, § 4113."

The jury were authorized to find that, though the grantor, three days before his death, intended to give his four children equal parts of a cash fund and to deliver separate deeds to three of them, including Mrs. Keesee, before he had done so he became ill, saying, "I will fix the rest tomorrow, I have got to lay down . . put them all up," and pursuant to this direction the cash and deeds were returned to the grantor's trunk. Even though the evidence authorized a finding that at the time the grantor was preparing a division of his property, and Mrs. Keesee at one time had physical possession of the deed to her for a few minutes, the jury, under the facts and circumstances appearing, were authorized to find that the maker did not intend to surrender dominion over the deed. Apparently all the children felt that the grantor had not completed delivery of the money or the deeds, because when he instructed his son to put the papers up, all the money and the deeds were returned to the grantor's trunk. The delivery of a deed is complete as against the maker only when it is in the hands of or in the power of the grantee or someone authorized to act for him, with the consent of the grantor, and with intention that the grantee hold it as a muniment of title. *O'Neal* v. *Brown*, 67 *Ga.* 707 (2). But a mere manual delivery to the grantee is not sufficient, where the intention of the grantor to surrender dominion is not present. *Story* v. *Brown*, 98 *Ga.* 570 (3) (25 S E. 582); *Allen* v. *Bemis*, 193 *Ga.* 556 (2), 563 (19 S. E. 2d, 516).

On the question of delivery by the grantor, the evidence was

in sharp conflict, there being some evidence that the deed was not delivered to Mrs. Keesee, and that the grantor never during his lifetime had any intention to surrender dominion over the deed, and such conflict created an issue of fact for the jury to decide, as to whether the deed was in fact delivered to Mrs. Keesee. The jury having resolved this issue in favor of the plaintiff, the judgment overruling the defendants' motion for a new trial must be

*Affirmed. All the Justices concur.*