18755. FULLER *v.* FULLER, administratrix.

SUBMITTED OCTOBER 11, 1954—DECIDED NOVEMBER 9, 1954.

*J. T. Thomasson, James T. Thomasson, Jr.,* for plaintiff in error.

*A. W. Birdsong, Jr., J. R. Terrell, Jr.,* contra.

ALMAND, Justice. The judgment here under review is an order overruling general demurrers to an equitable petition. In substance, the petition of Mrs. Jean Fuller, administratrix of the estate of Bryant Fuller, against J. D. Fuller, brother of Bryant Fuller, alleged:

Between the years 1930 and 1940, Bryant Fuller became indebted to two named companies in large sums of money, and in 1937 and 1940 he executed two security deeds to the defendant conveying described real estate, for alleged considerations of $6,000 for the first deed and $3,600 for the second one, as security for alleged indebtednesses, both of said deeds being duly recorded. There was no consideration for said deeds, but they were merely executed for the purpose of avoiding any judgment

or execution that might be obtained by the two creditors; and it was understood and agreed by the defendant and Bryant Fuller that, after all claims had been settled, the defendant would execute quitclaim deeds back to the grantor, or have the security deeds canceled of record. At the time said deeds were executed, they were never delivered to the grantee, had never been delivered to him, and had never been in his possession, but after executing them Bryant Fuller gave them to his wife, who had them put on record, and she, prior to his death and subsequently thereto, has had possession of said deeds. The possession of said property has never been in the defendant. The defendant is now seeking to enforce one of said deeds by advertising the property covered thereby under a power of sale contained in said deed.

The prayers of the petition were that the defendant be restrained and enjoined from selling the parcel of land advertised under said power, and from filing suit on the notes described in each of said security deeds, and that said deeds be declared null and void and canceled of record. The grounds of demurrer to the petition were that the petition set forth no cause of action entitling the plaintiff to any of the equitable relief sought, and that equity would not lend its aid to a party to a contract, or privies thereto, founded upon an immoral or illegal consideration.

As a general rule, equity will not grant relief to a party who comes into court with unclean hands, or is guilty of an illegal or immoral act (Code §§ 37-104, 37-112), nor aid a grantor or his administrator in seeking to cancel a security deed which was executed by him for the purpose of hindering, delaying, or defrauding creditors. *M'Cleskey's Adm'rs*. v. *Leadbetter*, 1 *Ga.* 551; *Anderson* v. *Anderson*, 150 *Ga.* 142 (103 S. E. 160). These rules stem from the just and salutary principle that one will not be permitted to profit by his own wrong, and apply where a party is seeking the aid of equity in the enforcement of executory contracts or its aid under an executed contract. But where, as here, the petition discloses that, although the grantor executed the security deeds for a fraudulent purpose, and had them recorded, it is positively alleged that the deeds were never delivered to the defendant, the grantee, and had never been in his possession, and that the property never left the possession of

the grantor or his administratrix, the foregoing rulings will not apply, for the reason that, there being no delivery of the deeds, the grantor fell short of executing his fraudulent purpose, and being guilty of no wrong to his creditors, the cancellation of the deeds works no injury to the person named as grantee, it not being necessary to sustain the allegations of fraud in order to obtain a cancellation, since nondelivery alone would authorize that relief. *Allen* v. *Bemis*, 193 *Ga.* 556 (19 S. E. 2d 516). It was held in *Lowry* v. *Lowry*, 150 *Ga.* 324 (3) (103 S. E. 813), that "the doctrine that the grantor in a deed made for the purpose of hindering, delaying, or defrauding his creditors, or one claiming in his right, can not be heard to question the validity of such deed, does not apply where the deed was not in fact delivered," which ruling was followed in *Morris* v. *Morris*, 171 *Ga.* 642 (1) (156 S. E. 256), involving a petition to cancel a deed which had been executed for the purpose of hindering, delaying, or defrauding creditors, but which had never been delivered to the grantee named. See also *Clowers* v. *Clemons*, 185 *Ga.* 567 (196 S. E. 28). Though a presumption of delivery arises from the due attestation and registration of a deed, such presumption may be rebutted by proof that the deed was never delivered. *Lowry* v. *Lowry*, 150 *Ga.* 324 (2), supra; *Kirby* v. *Johnson*, 208 *Ga.* 190 (65 S. E. 2d 811).

The allegations of the present petition, that the deed had never been delivered to the defendant, and that possession of the property described in the deed had never been delivered to him, set forth a cause of action for the equitable relief sought, and it was not error to overrule the general demurrers.

The rulings in *Anderson* v. *Anderson*, 150 *Ga.* 142, supra, and in *Doolittle* v. *Bagwell*, 199 *Ga.* 155 (33 S. E. 2d 437), are not authority for a ruling to the contrary, for the reason that in the *Anderson* case the court treated the allegations of the petition as alleging that the deed had been delivered to the named grantee, and in the *Doolittle* case the petition was construed as alleging that possession of the property had been delivered to the defendant.

*Judgment affirmed. All the Justices concur.*