S89A0493. CITY OF ATLANTA v. BENNETT.
(387 SE2d 892)

PER CURIAM.
Judgment affirmed without opinion pursuant to Rule 59.
*All the Justices concur, except Weltner, Bell and Hunt, JJ., who dissent.*

WELTNER, Justice dissenting.
I respectfully dissent. I believe that Bennett is barred from seeking relief by the doctrine of "clean hands."

1. Bennett purchased four lots in the City of Atlanta. Each was zoned for residential purposes. One lot, however, was subject to a lawful, non-conforming use as a manufacturing plant. Bennett applied for and received a permit to "repair" the interior of the manufacturing facility and to "relocate" an overhead door. One of her lots was occupied by a dwelling house. She obtained a permit to "repair" this building for "residential occupancy." Bennett raised the ceiling of the manufacturing plant by four feet and installed large overhead doors. She used this facility for repairing trucks. She used the renovated

dwelling house for an office and for sleeping quarters for her truck drivers. The other two lots were enclosed by a chain-link fence and used for parking trucks.

2. (a) The use to which each of her four lots were put was unlawful, as it would require an "industrial" zoning classification.

(b) After code violation charges were brought against Bennett, she filed an application to re-zone the four parcels for "industrial" use. The application was rejected by the governing body, and she sought equitable and other relief in the superior court. The court ordered that the property be re-zoned in accordance with her application.

3. (a) It is difficult to conceive of a more blatant disregard for the law than is reflected in this case. Bennett's applications for permits were false, and her creation of a truck repair facility in a residential neighborhood was scofflawry. Having altered illegally the character of the neighborhood, she then invoked the equitable powers of the court to relieve her from alleged "constitutional deprivations." And this, only when pressed by criminal charges.

(b) This she ought not be able to do. Having flaunted the law, she should not be permitted now to seize upon it in order to legitimize her conduct. "As a general rule, equity will not grant relief to a party who comes into court with unclean hands, or is guilty of an illegal or immoral act. . . . These rules stem from the just and salutary principle that one will not be permitted to profit by his own wrong." *Fuller v. Fuller*, 211 Ga. 201, 202 (84 SE2d 665) (1954).[1]

I am authorized to state that Justice Bell and Justice Hunt join in this dissent.

DECIDED OCTOBER 26, 1989 —
RECONSIDERATION DENIED NOVEMBER 21, 1989.

*Marva Jones Brooks, David D. Blum, Robert L. Zoeckler,* for appellant.

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes, Jeffrey*

---

[1] Also: "He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." OCGA § 23-1-10.

See also *Sewell v. Norris*, 128 Ga. 824 (58 SE 637) (1907), for a discussion of maxims, e.g., *ex turpi causa non oritur actio* (from a base transaction a cause of action does not arise); and *ex dolo malo no oritur actio* (from fraud no cause of action arises). Id. at 827. "But Lord Mansfield said, 'If, from the plaintiff's own statement or otherwise, the cause of action appears to arise ex turpi causa, or the transgression of a positive law of this country, then the court says he has no right to be assisted.' [Cit.]" Id. at 828.

*G. Casurella,* for appellee.